UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HOVEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CENLAR, F.S.B. et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-06498-SB-AS<br><br>ORDER GRANTING MOTIONS TO DISMISS [DKT. NOS. 26, 28] |

　　　　This is the second lawsuit brought by Plaintiff Dale Hovey against Defendants Cenlar, FSB, and Citibank arising out of the foreclosure of his property. In the first lawsuit, the Court dismissed his first amended complaint (FAC) with leave to amend two of his eight claims. *Hovey v. Cenlar F.S.B.* (*Hovey I*), No. 2:22-cv-06367-SB-AS, 2022 WL 18216093 (C.D. Cal. Nov. 15, 2022). After filing a second amended complaint (SAC), Hovey voluntarily dismissed his case. *Hovey I*, Dkt. No. 51. Now Hovey has filed suit again, alleging the same eight claims from his FAC in *Hovey I*. Dkt. No. 1-1.[1] Cenlar and Citibank separately moved to dismiss. Dkt. Nos. 26, 28. The Court grants the motions with prejudice and without leave to amend on three independent grounds: (1) Hovey failed to timely oppose the motions; (2) the Court already ruled on the merits of the same claims in *Hovey I*; and (3) Hovey has not cured the defects in the claims previously dismissed with leave to amend. The Court finds this matter suitable for decision without oral argument and vacates the October 20, 2023 motion hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] Citations to the docket refer to the docket in this case, No. 2:23-cv-06498-SB-AS, unless cited as *Hovey I*.

I.

Hovey failed to timely oppose the motions within the 21 days provided by the local rules.  Local Rule 7-9.  Both motions were set for hearing on October 20, 2023, Dkt. Nos. 26, 28, making the oppositions due September 29, 2023.  But Hovey did not file an opposition to Citibank's motion until October 5, 2023—six days after his deadline and only one day before Citibank's reply would have been due.[2]  Dkt. No. 33.  Citibank prepared and filed a timely reply to the opposition within one day.  Dkt. No. 34.  Hovey failed to file any opposition to the Cenlar motion to dismiss.

A Court may decline to consider an opposition filed past the deadline.  Local Rule 7-12.  Failure to file an opposition may be deemed consent to the granting of the motion.  *Id.*; *see also Patel v. City of Los Angeles*, 791 F. App'x 688, 688 (9th Cir. 2020) (dismissing for failure to comply with Local Rule 7-9); *De La Torre v. R&L Carriers Shared Servs., LLC*, 23-CV-1225-JGB, 2023 WL 6190829, at *3 (C.D. Cal. July 31, 2023) (same); *Danfer-Klaben v. JPMorgan Chase Bank, N.A.*, 21-CV-262-PSG, 2022 WL 3012223, at *1 (C.D. Cal. May 5, 2022) (same and noting plaintiffs' previous failure to comply).

If this were the first time that Hovey flouted the rules, the Court would not be inclined to rest its decision on his failure to comply with them.  But Hovey and his counsel have a history of proceeding as if the rules do not apply to them.  See *Hovey I*, Dkt. No. 22 (order to show cause re sanctions for failure to meet and confer under Local Rule 7-3 or comply with court's order setting scheduling conference); *Hovey I*, Dkt. No. 29 (additional order to show cause re sanctions for failure to appear at motion hearing and hearing on first OSC re sanctions); *Hovey I*, Dkt. No. 45 (third order to show cause re sanctions for failure to appear at mandatory scheduling conference and continued hearing on first and second OSC re sanctions); *Hovey I*, Dkt. No. 52 (imposing sanctions).  The same law firm, CLDG PC, has represented Hovey in both cases and continues to disregard the rules even in the face of prior orders to show cause that ultimately resulted in

---

[2] The lateness of the filing is especially troubling given that, with the exception of three paragraphs, the opposition in this case is identical to the one Hovey filed (and lost) in *Hovey I*.  *Compare* Dkt. No. 33, *with Hovey I*, Dkt. No. 17.

sanctions. Thus, the Court treats the motions as unopposed, deems the nonopposition as consent to dismissal, and grants the motions on this ground.

II.

Even if the Court were to consider Hovey's late submission, his opposition offers little resistance, as he does not even recognize the order in *Hovey I* and the implications of that order in this case.

Where a court has previously reached a final judgment on the merits of the same claims involving the same parties, res judicata bars those claims from further consideration. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). In its prior order, the Court dismissed Hovey's first, second, third, fourth, sixth, and eighth claims in the FAC "without leave because the legal flaws in those claims would make amendment futile." *Hovey I*, 2022 WL 18216093, at *5. Hovey's present complaint alleges the same causes of action (in the same numerical order).[3] Because the claims were finally decided on the merits, Hovey may not relitigate them. The Court construes Hovey's failure to address this dispositive point as a concession that these claims are barred. *See Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159 (9th Cir. 2012) ("The court properly dismissed Allen's harassment and retaliation claims because her opposition to the motion to dismiss failed to respond to Dollar Tree's argument that those claims were time-barred.").

Not only does Hovey fail to address the obstacle presented by res judicata, but he also neglects to recognize the analytical bar discussed in the dismissal order in *Hovey I*. As the Court previously explained, the first, second, third, fourth, sixth, and eighth causes of action, which implicate statutory violations of the California Homeowner's Bill of Rights and the Truth in Lending Act, do not apply to Hovey's loan because it is a second-lien, open-ended Home Equity Line of Credit, and the causes of action Hovey asserts apply only to first-lien loans or closed-end credit facilities. *Hovey I*, 2022 WL 18216093, at *2–3. The flaws in

---

[3] Indeed, except for paragraphs 19–23 and 29–41, the complaint in this case is almost a verbatim copy of the first amended complaint in *Hovey I*. *Compare* Dkt. No. 1-1, *with Hovey I*, FAC, Dkt. No. 1-2.

3

these claims are not remedied by refiling them. They were dismissed with prejudice then, and they are dismissed with prejudice now.

III.

The Court previously dismissed the remaining causes of action in the FAC (five and seven), for a violation of the Rosenthal Fair Debt Collection Practice Act (Rosenthal Act) and California's Unfair Competition Law (UCL), but allowed leave to amend. *Hovey I*, 2022 WL 18216093, at *4–5. Hovey has simply refiled the same deficient claims.

The Rosenthal Act claim alleged then and realleges now that Defendants falsely represented the amount of the debt in the notice of default, which was sent and received in March 2022, and that they "made other false statements," which the complaint does not identify. *Hovey I*, Dkt. No. 1-2 ¶¶ 13, 60, 61; *see also* Dkt. No. 1-1 ¶¶ 13, 76, 77 (same). But as the previous order explained, a Rosenthal Act claim cannot be based on a notice of default because it is privileged, and the "other false statements" allegation was far too general to satisfy the pleading requirements of Rule 9(b), which apply to fraud-based Rosenthal Act claims. *Hovey I*, 2022 WL 18216093, at *4–5. Hovey's UCL claim was derivative of his other claims, and so it was dismissed along with his others. *Id.* at *5. For the same reasons, the Rosenthal Act and UCL claims are dismissed in this case.

Because amendment would be futile, the dismissal of these two claims is without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "repeated failure to cure deficiencies by amendments previously allowed," and "futility of amendment" among reasons for disallowing leave to amend).[4] Hovey was granted leave to amend these claims in *Hovey* I, filed an amended complaint (the SAC), and voluntarily dismissed the SAC. Because Hovey filed this action on July 5, 2023, the one-year statute of limitations bars Hovey's Rosenthal Act claim based on any conduct prior to July 5, 2022—including the March 2022 Notice of Default. Cal. Civ. Code § 1788.30(f); *see Gonzalez v. JPMorgan Chase Bank,*

---

[4] *Foman* also lists "bad faith" as a reason for dismissal without leave to amend. 371 U.S. at 182. Hovey's refiling of a near-verbatim copy of a complaint the Court already dismissed on the merits, followed by the (untimely) refiling of a near-verbatim copy of an opposition the court already denied—all without so much as acknowledging the previous adjudication—smacks of bad faith.

*N.A.*, No. 20-55137, 2023 WL 195545, at *1 (9th Cir. Jan. 17, 2023) (noting that § 1788.30(f) "set[s] forth one-year statute of limitations for Rosenthal Act claims"). The filing of *Hovey I* does not toll the statute because Hovey dismissed the SAC voluntarily. See *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008) ("California courts have concluded that absent express statutory language, a plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations."). Hovey's discovery rule argument is likewise unavailing. Under the discovery rule, "the limitations period does not commence until a plaintiff discovers, or reasonably could have discovered, his claim." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002). Here, Hovey bases his Rosenthal Act claim on defendants' alleged misrepresentation of the "amount of the debt." Dkt. No. 1-1 ¶¶ 76–77. He can thus make no claim that he had not "discover[ed], nor reasonably could have discover[ed]," the alleged misrepresentations before July 5, 2023, because he acknowledges elsewhere in his complaint that he "has been challenging the accounting issues since the start of the transfer," *id.* ¶ 34, which he alleges took place in November 2019, *id.* ¶ 22.[5]

Amendment also appears to be futile based on the SAC filed in *Hovey I*. Despite the fact that this Court dismissed the Rosenthal Act and UCL claims as alleged in the FAC, and despite the fact that Hovey then amended those two claims in the SAC as expressly allowed, Hovey has modeled the two claims in *Hovey II* after the claims in the FAC that were involuntarily dismissed in *Hovey I*.[6] Nevertheless, the Court has considered the amended allegations in the SAC. The SAC only added general, conclusory allegations that Defendants acted with malice

---

[5] Indeed, Plaintiff does not claim late discovery of the allegedly fraudulent *information*. Rather, he contends that he did not appreciate the "grave *extent*" of the alleged fraud and only recently learned of the governing law. Dkt. No. 33 at 6 ("Plaintiff was unaware of the grave extent of Defendants' fraudulent behavior at the time the loan was foreclosed and . . . only became aware of the laws concerns the unlawful actions of Defendants . . . recently when his new counsel conducted a thorough review of the facts.").

[6] The only paragraphs differentiating the complaint in *Hovey II* from the FAC in *Hovey I* do not support his Rosenthal Act and UCL claims. Dkt. No. 1-1 ¶¶ 19–23, 29–41 (alleging that he received emails asking for documentation, that Cenlar stated it bought the loan from Citibank, and that Hovey received a "payoff quote" from a non-party).

when violating the Rosenthal Act without identifying any statements or other indicia of malevolence. *Hovey I*, Dkt. No. 50 ¶¶ 29–33.

Accordingly, Hovey's fifth cause of action for violations of the Rosenthal Act and seventh cause of action for derivative violations of the UCL are dismissed with prejudice.

*   *   *

The Court GRANTS the motions and dismisses Plaintiff's claims in their entirety with prejudice. A final judgment will issue separately.

Date: October 19, 2023

Stanley Blumenfeld, Jr.
United States District Judge